**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4068

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM KEITH LINDSAY, a/k/a Skinny Pimp,
a/k/a William Keith Lindsey,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville. Norman K. Moon, District
Judge. (3:00-cr-00078-nkm-2)

Submitted: May 21, 2007                Decided: July 6, 2007

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Frederick T. Heblich,
Jr., Assistant Federal Public Defender, Christine Madeleine
Spurell, Research and Writing Attorney, Charlottesville, Virginia,
for Appellant. John L. Brownlee, United States Attorney, Bruce A.
Pagel, Assistant United States Attorney, Charlottesville, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Keith Lindsay appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months of imprisonment to be followed by twelve months of supervised release. Lindsay argues that, prior to the hearing on the petition to revoke his supervised release, he did not receive written notice, or any notice, that he was alleged to have violated his supervised release by submitting falsified reports to his probation officer. Lindsay also asserts that the district court erred in concluding that he falsified the reports. The Government concedes that the district court erred in failing to provide written notice, but argues that this court should review the issue for plain error, and that Lindsay cannot demonstrate that the error affected his substantial rights or that failure to notice the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. The Government also argues that the district court's conclusion that Lindsay submitted falsified reports was established by a preponderance of the evidence.

We review a district court's order imposing a sentence after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is

flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2000). Lindsay did not object to the district court's consideration of falsification of his probation reports as a possible basis for revoking supervised release. We therefore review Lindsay's assertion of error in failing to provide written notice of that charge for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002). Although the district court's failure to ensure that Lindsay was provided prior written notice of the charge of falsifying probation reports was error that was plain, our review of the record leads us to conclude that Lindsay cannot demonstrate that the district court's error affected his substantial rights, or that failure to notice the error would impugn the integrity of judicial proceedings.

We also conclude that the district court's conclusion that Lindsay falsified his probation reports is supported by the evidence. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government. United States v. Burgos, 94 F.3d

849, 862 (4th Cir. 1996) (en banc).  In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses.  <u>United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998).  The district court's conclusion that Lindsay submitted false reports regarding his employment status was based on an evaluation of the credibility of contrasting witness testimony, and may not be disturbed by this court.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>